# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JANUARY SESSION, 1998

FILED

February 24, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9704-CC-00154 |
| | ) | |
| Appellee, | ) | |
| | ) | MAURY COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. JIM T. HAMILTON, JUDGE |
| CHLOE RAINEY CLARK, | ) | |
| | ) | |
| Appellant. | ) | (REVOCATION OF PROBATION) |

FOR THE APPELLANT:

**WILLIAM C. BARNES, JR.**
13-14 Public Square
P.O. Box 552
Columbia, TN 38402-0552

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**DARYL J. BRAND**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN 37243

**JOHN COLLEY**
COLLEY AND COLLEY
710 North Main Street
Columbia, TN 38401
(Special Prosecutor at Trial)

**T. MICHAEL BOTTOMS**
District Attorney General

**LARRY NICKELL, JR. and
LEE BAILEY**
Assistant District Attorney General
P.O. Box 1619
Columbia, TN 38401-1619

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant, Chloe Rainey Clark, appeals as of right from the trial court's order revoking her probation and requiring her to serve her five (5) year sentence in the Department of Correction. We affirm the judgment of the trial court.

Effective March 6, 1989, Defendant was placed on probation for a period of five (5) years following guilty pleas to numerous felony convictions for passing worthless checks. In October 1989, a probation violation warrant was issued, alleging that Defendant had new criminal charges placed against her in three (3) counties. Probation was revoked on December 6, 1989 and Defendant was ordered to begin serving her sentence in incarceration. On May 2, 1990, the trial court ordered that Defendant serve her sentence in the Community Corrections Program. On September 11, 1991, the trial court entered an order transferring Defendant back to supervised probation with the Department of Correction and this order specifically stated that the probationary sentence would expire on March 7, 1994.

A petition to revoke probation was filed January 28, 1994, based upon a violation that Defendant had been arrested for DUI and driving on a revoked license on January 9, 1994. Even though there was testimony at the revocation hearing that the trial court disposed of this probation violation warrant by ordering Defendant to perform twenty (20) hours of community service work under the auspices of the Department of Correction, there is no order in the record reflecting that particular disposition. The January 28, 1994 probation violation warrant was amended on June 7, 1995 by adding an additional probation violation that Defendant

was arrested on new criminal charges of DUI and vehicular assault. Testimony at the revocation hearing reflects that this latest arrest occurred May 26, 1995. The record indicates that Defendant was injured in the automobile wreck which led to the most recent criminal charges, failed to appear in court at least once, and the revocation hearing was finally held in December 1996.

Defendant maintained in the trial court, and continues to argue on appeal, that she had performed the twenty (20) hours of public service work during 1994. She argues that the trial court's disposition of the original January 1994 probation violation mandated that her probation would end and the January 1994 revocation warrant would be dismissed upon completion of the twenty (20) hours of public service work.

There was proof introduced at the revocation hearing that Defendant had performed twenty (20) hours of public service work at Highland Park Elementary School. However, this particular school was not one of the approved contractors or vendors on a list used by the public service caseworker for the Department of Correction. In a letter dated September 18, <u>1995</u>, the secretary of Highland Park Elementary School sent a typed letter to the Defendant's probation officer that states in full, "Chloe Clark did 20 hours of service at Highland Park School last spring." On September 25, 1995, the same secretary sent a handwritten letter to the probation officer which states in part "Chloe Clark completed 20 hrs of community service at Highland Park School this past school year 94-95."

Also introduced as exhibits at trial were copies of letters sent by the probation officer to Defendant. The first one advised her that as of September 21,

1994, she had not yet completed the twenty (20) hours of public service work ordered by the court. Another letter was sent stating that as of January 24, 1995, the twenty (20) hours of public service work had not been completed. Also introduced at the hearing was a March 24, 1995 memo from the public service work project coordinator to the probation officer stating that Defendant had not reported. Finally, on April 18, 1995, the probation officer sent Defendant a letter advising her to contact the probation officer by April 24, 1995 to discuss Defendant's failure to complete her twenty (20) hours of public service work.

In making its ruling, the trial court specifically found that expiration of Defendant's probation was stayed when the January 1994 violation warrant was filed and that her probation was still in effect on May 26, 1995 when Defendant committed the offenses of DUI and vehicular assault. Defendant argues that the proof introduced at trial shows conclusively that she was off of probation at the time of the May 1995 criminal offenses, as she had completed her twenty (20) hours of public service work.

In State v. Lewis, 917 S.W.2d 251 (Tenn. Crim. App. 1995), this court held:

> The trial court may exercise its authority over a suspended sentence "at any time within the maximum time which was directed and ordered by the court for such suspension." Tenn. Code Ann. § 40-35-310. **If a petition to revoke is initiated within the term of the sentence, any limitation of the time within which to act is tolled.**

Lewis, 917 S.W.2d at 256 (citations omitted) (emphasis added).

Notwithstanding the probation officer's testimony that the January 1994 warrant would be dismissed upon Defendant performing twenty (20) hours of public service work, there is not an order in the record reflecting this disposition by the trial

court. There is no order in the record reflecting any disposition of the January 1994 probation violation warrant, and its amendment of June 1995, except for the December 1996 order revoking probation. We can conclude only that the June 1995 amendment to the January 1994 violation warrant was appropriate because the time period for filing a violation warrant was tolled. See Lewis, 917 S.W.2d at 256.

The original probation violation warrant was filed prior to expiration of the original term of probation, and the trial court thus had the authority to revoke the probation after expiration of the original term of the probation. We hold that Defendant maintained her status of being subject to all of the terms and conditions of probation until the trial court ruled on the violation warrant and any timely filed amendments thereto.

Our court has previously held that a defendant's probation can be revoked as a result of criminal offenses occurring after sentencing but prior to the beginning of a probationary term of sentence involving split confinement. See State v. Stone, 880 S.W.2d 746, 748-49 (Tenn. Crim. App. 1994). Thus, it certainly stands to reason that the trial court has the authority to revoke probation for a criminal offense which occurs after expiration of the original term of probation but during a period of time when a warrant alleging a violation of probation is pending. In this particular case, we do not have to address the issue of the reasonableness of the delay. Even if the revocation hearing had been held in a more timely fashion, then the trial court would have had the authority to extend Defendant's probation for a period not in excess of two (2) years. See Tenn. Code Ann. § 40-35-308(c). Furthermore, Defendant did not object to the trial court's proceedings and disposition

of the case on the precise issue of a denial of her right to a speedy hearing of the probation violation warrant.

Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
DAVID H. WELLES, Judge

_____
JERRY L. SMITH, Judge