IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JULY 1999 SESSION

FILED

August 26, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| GERALD H. SCHAFFER, | * | C.C.A. # 03C01-9807-CR-00226 |
| Appellant, | * | KNOX COUNTY |
| VS. | * | Hon. Richard Baumgartner, Judge |
| STATE OF TENNESSEE, | * | (Probation Revocation) |
| Appellee. | * | |

For Appellant:

Mark E. Stephens
District Public Defender

Jim Owen
Assistant District Public Defender
1209 Euclid Avenue
Knoxville, TN 37921
(at trial and on appeal)
and
Paula R. Voss
Assistant Public Defender
1209 Euclid Avenue
Knoxville, TN 37921
(on appeal)

For Appellee:

Paul G. Summers
Attorney General and Reporter

Todd R. Kelley
Assistant Attorney General
425 Fifth Avenue North
Second Floor, Cordell Hull Building
Nashville, TN 37243-0493

Marsha Selecman
Assistant District Attorney General
400 Main Avenue
City County Building
Knoxville, TN 37902

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

<u>OPINION</u>

The defendant, Gerald H. Schaffer, entered pleas of guilt to aggravated burglary and theft of property less than $1,000.00. On April 20, 1992, the trial court imposed Range I, three- and one-year sentences, respectively. The defendant was placed on probation. On July 31, 1992, the state filed a warrant claiming a violation of the terms of probation. Two and one-half months later, the trial court entered an order placing the case in the "inactive file." On March 23, 1993, the trial court appointed defense counsel and some five years and one month later, the warrant seeking revocation was amended to include two additional grounds. In June of 1998, the trial court revoked probation and ordered a three-year sentence to be served in the department of correction.

In this appeal of right, the defendant contends that the trial court erred by allowing the 1998 amendment which alleged grounds arising after the 1992 warrant. We find no error and affirm the judgment of the trial court.

The original revocation warrant was issued based upon the defendant's arrest for aggravated assault on June 19, 1992. That charge was, however, dismissed on March 2, 1993. Because the defendant, who had been released on his own recognizance, failed to appear before a probation revocation hearing on June 4, 1993, a capias was issued for his arrest. The additional grounds, as specified below, were not filed until 1998:

> (1) The failure of the defendant to procure the consent of his probation officer before a change of address, a change of employment, or a departure of the county or the state;

> (2) The failure to obey the laws of the United States by the commission of a robbery in Maryland in 1997.

2

While determining that the defendant was entitled to three hundred twenty-three days of jail time credit, the trial court determined that the defendant had violated the conditions of his probation and ordered revocation. The evidentiary hearing established that the defendant left the state on or about April 20, 1993, and did not return until shortly before the hearing in 1998. It was uncontested that the defendant, who had clearly left Tennessee without permission from the authorities, had subsequently robbed an elderly Maryland woman of a purse.

In this appeal, the defendant complains that the amendments cannot relate back to the July 31, 1992, revocation warrant. He asserts that the state should have amended the warrant immediately after he left the jurisdiction in 1993.

Tenn. Code Ann. § 40-35-311(a) authorizes the issuance of a warrant for the arrest of a defendant who has violated the conditions of his probation or breached the laws of the state. Upon revocation of probation, the trial court has the discretionary authority to reinstate the original sentence. State v. Duke, 902 S.W.2d 424 (Tenn. Crim. App. 1995). The statute of limitations is tolled by the issuance of a warrant and not by the service of the warrant on the defendant. Allen v. State, 505 S.W.2d 715, 717 (Tenn. 1974).

This case is not distinguishable from the opinion filed by this court in State v. Clark, 970 S.W.2d 516 (Tenn. Crim. App. 1998), wherein it was held that because there was a pending revocation warrant on other grounds filed prior to the expiration of the probationary term, the trial court had authority to revoke probation for a criminal offense which occurred after the expiration of the term. In Clark, this court ruled that a revocation warrant, which was filed before the probation period would have ended, tolled the time limitations because there had been no disposition

3

before the amendment. A probation violation occurring after the original term of the sentence was, therefore, deemed a proper basis for revocation.

There is a distinction between this case and those in Clark that favors the position of the state. Here, the revocation was based at least in part on the defendant's unauthorized departure from the state, a ground documented by the issuance of a capias in 1993. That violation arose within the original term of probation and in association with the initial ground alleged in the revocation warrant. See State v. Lewis, 917 S.W.2d 251 (Tenn. Crim. App. 1995).

The defendant makes the argument that this court should not follow the rule in Clark. Had all of the grounds for revocation arisen after the expiration of the original term, that assertion may have been more persuasive. This court nonetheless chooses to follow its own precedent. In our view, the trial court had the authority to revoke probation and did not abuse its discretion. State v. Harkins, 811 S.W.2d 79 (Tenn. 1991). Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
David H. Welles, Judge


_____
Joe G. Riley, Judge

4