IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 23, 2000

## STATE OF TENNESSEE v. ERIC WILLIAM SANDERS

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S37, 379     Jerry Beck, Judge**

**No. E1999-00345-CCA-R3-CD**
**January 10, 2001**

The Defendant pleaded guilty in Sullivan County Criminal Court to violation of a habitual traffic offender order, a Class E felony, and driving under the influence, second offense, a Class A misdemeanor. The Defendant was sentenced to serve one year in the Tennessee Department of Correction as a Range I standard offender for violation of the HTO order and eleven months and twenty-nine days, suspended except for forty-five days, for the DUI. The sentences were to run consecutively. After serving thirty percent of his one-year sentence for violation of the HTO order, the Defendant was released by determinate release to the local jail to serve the remainder of his mandatory forty-five day jail term for the DUI conviction, and he was then released on probation pursuant to determinate release. Within one year of the convictions, two warrants were filed alleging that the Defendant violated the terms of his determinate release for the HTO conviction, but neither warrant made reference to the DUI conviction. Following a hearing, at which the Defendant stipulated that he had absconded as alleged in the second warrant, the trial court revoked the Defendant's probation for the HTO conviction and ordered the Defendant to serve his sentence. The trial court continued disposition of the first warrant to allow the State to file a written motion to amend the first warrant to include the DUI conviction. The trial court then issued a third warrant to amend the first warrant to include the DUI conviction. Following a hearing on the first warrant, as amended, the trial court revoked the Defendant's probation for the DUI conviction and ordered him to serve that sentence as well. The Defendant now appeals, arguing (1) that the trial court did not have jurisdiction to revoke his probation for the DUI conviction, and (2) that the trial court abused its discretion in revoking his probation for the DUI conviction. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID H. WELLES, JJ., joined.

Terry L. Jordan, Assistant Public Defender, Blountville, Tennessee, for the appellant, Eric Sanders.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; H. Greeley Wells, District Attorney General; and Joseph E. Perrin, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On February 27, 1995, the Defendant, Eric William Sanders, pleaded guilty to violation of a habitual traffic offender order, a Class E felony, and driving under the influence, second offense, a Class A misdemeanor, in Sullivan County. The Defendant was sentenced to serve one year in the Tennessee Department of Correction as a Range I standard offender for violation of the HTO order and sentenced to serve eleven months and twenty-nine days, suspended except for forty-five days, for driving under the influence. The sentences were to run consecutively.

After serving thirty percent of his one-year sentence for violation of the HTO order, the Defendant was released on probation by determinate release on June 21, 1995. The Defendant then served the remainder of his mandatory forty-five days in jail for the driving under the influence conviction.[1] On January 22, 1996, prior to the expiration of the HTO sentence, a warrant was issued against the Defendant alleging that he had violated his HTO probation, but it made no reference to the DUI. The warrant alleged that the Defendant failed to inform his probation officer before changing his address, failed to report, failed to complete his public service work, tested positive for marijuana use, admitted using marijuana, and failed to pay suspension fees. Another violation of probation warrant was issued on February 23, 1996, also prior to the expiration of the HTO sentence, which also only listed the violation of the HTO probation and made no reference to the DUI. The second warrant alleged that the Defendant had absconded as of February 23, 1996. At a hearing on September 24, 1999, the Defendant pleaded guilty to violating his HTO probation, as alleged in the February 23, 1996 warrant, and stipulated to the fact that he had absconded. However, the trial court granted a continuance to allow the State to file a motion to amend the January 22, 1996 warrant to allege a violation of the DUI probation as well. The State filed its motion to amend on September 30, 1999. A third warrant was issued on October 5, 1999 alleging that the Defendant violated the conditions of the DUI probation by absconding as of February 23, 1996. This warrant was considered by the trial court as an amendment to the January 22, 1996 warrant. Thus, the Defendant was charged in the January 22, 1996 warrant, as amended, with violating the terms of his DUI probation by absconding, in addition to the original grounds alleged in that warrant. After a hearing on October 8, 1999, the trial court revoked the Defendant's probation for the DUI conviction and ordered the Defendant to serve his sentence.

## REVOCATION OF PROBATION

The Defendant argues that the trial court erred in revoking his suspended sentence because there was no evidence of the terms and conditions of the suspended sentence for the DUI before the trial court. Specifically, the Defendant argues on appeal that no evidence was presented to indicate

---

[1] The Defendant had a jail credit of ten days at the time he entered his pleas.

that the Defendant was required to report to a probation officer or to notify his probation officer that he changed residences.

A trial court may revoke a sentence of probation if it determines by a preponderance of the evidence that the conditions of probation have been violated. Tenn. Code Ann. § 40-35-311(e). The decision to revoke probation is in the sound discretion of the trial judge. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). The judgment of the trial court will be upheld on appeal unless there has been an abuse of discretion. State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981). To find an abuse of discretion in a probation revocation case, an appellate court must determine that the record is void of any substantial evidence that would support the trial court's decision that a violation of the conditions of probation occurred. State v. Grear, 568 S.W.2d 285, 286 (Tenn.1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). Proof of a probation violation is sufficient if it allows the trial court to make a conscientious and intelligent judgment. State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984).

It is clear from the record in this case that the Defendant conceded in trial court that he had absconded and that absconding was a violation of his probation. Although the Defendant stipulated that he had absconded in violation of probation, he argued that the warrant alleging that he had violated his DUI probation was not timely filed. Based on this stipulation by the Defendant, the State did not present any additional evidence in the trial court pertaining to the terms and conditions of the Defendant's DUI probation, which could have included evidence of reporting requirements or requirements that the Defendant notify his probation officer prior to any address changes. We conclude that the Defendant waived his right to require the State to prove by a preponderance of the evidence that he violated his DUI probation. In the trial court, the Defendant clearly did not contest the actual violation of the DUI probation, but did contest the timeliness of the warrant, which is the next issue we will address.

JURISDICTION

The Defendant argues that the trial court did not have jurisdiction to revoke probation for the DUI conviction because the sentence had been completely served and because he did not receive actual notice of the violation. We disagree.

> The trial court may exercise its authority over a suspended sentence "at any time within the maximum time which was directed and ordered by the court for such suspension." Tenn. Code Ann. § 40-35-310. If a petition to revoke is initiated within the term of the sentence, any limitation of the time within which to act is tolled.

State v. Lewis, 917 S.W.2d 251, 256 (Tenn. Crim. App. 1995).

In revoking the Defendant's probation for the DUI conviction, the trial court found that the probationary period for the DUI conviction had been tolled by the warrants issued on January 22, 1995 and February 23, 1995. According to the trial court, the probationary period for the DUI conviction would not have started until the probationary period for the HTO conviction was

completed. Because the Defendant began serving his sentence for the HTO order violation first, the trial court logically concluded that the DUI sentence would only begin to run after the HTO sentence was completed. Thus, the DUI probationary period would not have started until February 27, 1995, a year after the Defendant was sentenced. The initial probation violation warrant was filed on January 22, 1995, and the second probation violation warrant was filed on February 23, 1995. Both dates were before the probationary period for the HTO violation had ended and before the probationary period for the DUI would have begun. Thus, the Defendant remained subject to all of the conditions of his probation until the trial court ruled on the violation of the warrant. See State v. Clark, 970 S.W.2d 516, 518 (Tenn. Crim. App. 1998). Further, "from the date of entry of the judgment of conviction, a trial court has authority to revoke probation . . . even if the probationary period has not yet begun." State v. Smith, 909 S.W.2d 471, 473 (Tenn. Crim. App. 1995). In this case, the date that the Defendant absconded was before the probated sentence in the DUI conviction would have begun. Moreover, when a Defendant is on probation on two consecutive sentences and violates his probation before completion of the first term, the trial court has the authority to revoke all probation and order service of the original sentences. See State v. Hunter, 1 S.W.3d 643, 646 (Tenn. 1999).

The warrants issued on January 22, 1995 and February 23, 1995 tolled the expiration of the Defendant's HTO probation. In addition, because the Defendant was sentenced for the HTO violation and the DUI at the same time, the DUI sentence would have also been tolled until there was a ruling from the trial court. While the time was tolled on both offenses, the trial court properly allowed the State to amend the January 22, 1995 warrant to include the DUI probation violation. Therefore, because the probationary period for the DUI conviction was tolled by the issuance of the January 22, 1995 warrant, the trial court had jurisdiction to revoke the Defendant's probation for that offense.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
ROBERT W. WEDEMEYER, JUDGE