IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 23, 2001

**STATE OF TENNESSEE v. DENNIS R. JACKS**

**Appeal from the Criminal Court for Anderson County**
**No. 96CR0017     James B. Scott, Jr., Judge**

---

**No. E2000-00643-CCA-R3-CD**
**May 7, 2001**

---

The defendant appeals from the revocation of his probation, contesting the trial court's jurisdiction. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

J. Thomas Marshall, Jr., District Public Defender, and Nancy Carol Meyer, Assistant Public Defender, for the appellant, Dennis R. Jacks.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; James N. Ramsey, District Attorney General; and Janice G. Hicks, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant, Dennis R. Jacks, appeals as of right from the revocation of his probation. The defendant pled guilty to five counts of selling marijuana, Class E felonies, and was sentenced to one year for each count. Counts one and two (to be served concurrently), counts three and four (to be served concurrently), and count five were ordered to run consecutively for an effective three-year sentence. The trial court ordered the defendant to serve sixty days in the county jail and the remainder on probation. The judgment, which was entered on November 21, 1996, reflects that the defendant received a pretrial jail credit of nine days. The defendant contends that the trial court did not have jurisdiction to revoke his probation, arguing that the probation violation warrants were issued after the expiration of his sentence.

The trial court revoked the defendant's probation on March 10, 2000, based upon probation violation warrants that were issued November 19, 1999, and December 28, 1999. The November 19 warrant stated that the defendant had failed to pay court costs as ordered, and the December 28

warrant stated that the defendant had been arrested and charged with possession of marijuana and drug paraphernalia. The defendant does not dispute the facts underlying these warrants or that he violated the terms of his probation. Rather, he argues that his sentence expired before the warrants were issued, and, therefore, the court was without jurisdiction to revoke his probation. See Tenn. Code Ann. § 40-35-310; State v. Clark, 970 S.W.2d 516, 518 (Tenn. Crim. App. 1998).

Initially, we note that both the November 19 and December 28 warrants stated that the defendant was "on probation for a term of 3 years, extended 1 year." The record does not contain an order or judgment reflecting such an extension. However, at the probation revocation hearing, the defendant's counsel commented, "His probation was extended for a year because he hadn't paid his court costs. . . . Your Honor, what happened was that he was extended a year. Then except for that extension, he would be through with that probation. However, it happened." Accordingly, the defendant's sentence would have expired on November 21, 2000, well after either probation violation warrant was issued.

Despite the defendant's acknowledgment that his probation was extended for one year, on appeal he argues that because he received twenty-six days of pretrial jail credit, his sentence did not expire on November 21, 1999, but on October 26, 1999. The judgment, however, reflects that the defendant received nine days of pretrial jail credit. Regardless, the defendant's argument fails. The defendant received an effective sentence of three years, which was ordered to be served on probation after sixty days in jail. The defendant's pretrial jail credit allowed the defendant to serve only fifty-one days in jail. Even if there had not been a one-year extension of the defendant's probation, the pretrial jail credit would not have affected the November 21, 1999 expiration date of his sentence.

Accordingly, the November 19, 1999 probation violation warrant was issued before the defendant's sentence expired. Moreover, "the trial court has the authority to revoke probation for a criminal offense which occurs after expiration of the original term of probation but during a period of time when a warrant alleging a violation of probation is pending." Clark, 970 S.W.2d at 518; see State v. Gerald H. Shaffer, E1998-00106-SC-R11-CD, Knox County, slip op. at 3-4 (Tenn. Mar. 22, 2001) (for publication). Thus, the trial court properly considered the possession of marijuana charge, to which the defendant had pled guilty before the revocation hearing on March 10, 2000. We conclude that the trial court had jurisdiction to revoke the defendant's probation.

Based upon the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE