IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 21, 2001

## STATE OF TENNESSEE v. LINDA G. ROBISON

**Appeal from the Circuit Court for Coffee County**
**No. 29,073     L. Craig Johnson, Judge**

---

**No. M2000-00192-CCA-R3-CD - Filed October 9, 2001**

---

The defendant, Linda G. Robison, appeals from the revocation of her probation. She contends that her probation expired before the revocation warrant issued, thereby divesting the trial court of the power to revoke her probation. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and JOHN EVERETT WILLIAMS, JJ., joined.

Justin Johnson, Nashville, Tennessee, for the appellant, Linda G. Robison.

Paul G. Summers, Attorney General and Reporter; Laura McMullen Ford, Assistant Attorney General; and Charles Michael Layne, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant pled guilty to one count of theft of property under $500, a Class A misdemeanor. The judgment of conviction reflects that on November 13, 1998, the trial court sentenced her to eleven months and twenty-nine days in the county jail, with sixteen days to be served in jail in two-day segments for eight consecutive weekends and the remaining eleven months and thirteen days to be served on probation. The defendant's first weekend in jail began on November 20, 1998. The defendant served an additional seven consecutive weekends in the county jail and satisfied her periodic confinement.

On October 28, 1999, the trial court issued a probation violation warrant based upon allegations that the defendant had not paid probation and court fees and that she had been caught stealing candy from a Tullahoma convenience store. At the probation violation hearing, the defendant contended that her probation started on November 13, 1998, the day the trial court sentenced her, and expired eleven months and thirteen days later on October 26, 1999. She argued that her probation ended two days before the trial court issued the probation violation warrant and

that the trial court did not have jurisdiction to revoke her probation. The state argued that the defendant's probation did not begin until November 22, 1998, the day she was released from serving her first weekend in jail, and that even if the defendant's probation started on November 13, 1998, it ran over and above her periodic confinement. It contended that she was still on probation when the trial court issued the probation violation warrant. The trial court ruled that the defendant's probation started on November 13, 1998. Furthermore, it agreed with the state that the defendant's probation had to be served separate and in addition to her periodic confinement. It found that the defendant was still on probation when the trial court issued the probation violation warrant on October 28, 1999.

The defendant contends that the trial court erred by ruling that the original probation term had not expired when the trial court issued the probation violation warrant and that the trial court was without jurisdiction to revoke her probation. See Tenn. Code Ann. § 40-35-310; State v. Clark, 970 S.W.2d 516, 518 (Tenn. Crim. App. 1998). When the trial court imposes a misdemeanor sentence, "the court shall fix a specific number of months, days or hours, and the defendant shall be responsible for the entire sentence . . . ." Tenn. Code Ann. § 40-35-302(b). A trial court may allow a defendant convicted of a misdemeanor to serve his or her sentence in periodic confinement coupled with a term of probation. See Tenn. Code Ann. §§ 40-35-104(c)(4), -302(e). Probation and periodic confinement are two means of serving a sentence with probation being an alternative to confinement.

The trial court sentenced the defendant to eleven months and twenty-nine days. It ordered that she serve sixteen days of the sentence in the county jail and that she serve the remaining eleven months and thirteen days on probation. The trial court held that the defendant began serving probation the day she was sentenced, November 13, 1998. Because she started serving her sentence on that date, her sentence of eleven months and twenty-nine days could not end until November 1999. Therefore, the defendant was still serving her sentence when the trial court issued the probation violation warrant on October 28, 1999. At that time, the defendant had served sixteen days in jail through periodic confinement and was still on probation.

Based upon the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, JUDGE