# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs November 18, 2003

## STATE OF TENNESSEE v. DAVID CURTIS LYNN

**Appeal from the Circuit Court for Dickson County**
**No. 4775     Robert E. Burch, Judge**

---

### No. M2002-02706-CCA-R3-CD - Filed March 30, 2004

---

The appellant, David Curtis Lynn, was convicted of second offense driving under the influence. As a result, he was sentenced to 11 months and 29 days. He was ordered to serve 90 days in jail and the remainder of his sentence on probation. The appellant apparently violated probation sometime in 2001 and, as a result of that violation, the trial court extended his probation by six months. After a hearing on what appears to be a second probation violation, the trial court entered an order revoking the appellant's probation and ordering him to serve his sentence in confinement. On appeal, the appellant argues that the trial court abused its discretion in revoking his probation and that his sentence had expired at the time the trial court revoked his probation. We affirm the trial court's revocation of the appellant's probation and decline to address the issue regarding the expiration of the appellant's sentence due to an inadequate and incomplete record on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, and ROBERT W. WEDEMEYER, JJ., joined.

Jerred A. Creasy, Charlotte, Tennessee, for the appellant, David Curtis Lynn.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General; Dan Alsobrooks, District Attorney General; and Kim Menke, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Factual Background

At the outset, we are compelled to note the incomplete nature of the record before this Court on appeal. From the record, we have ascertained that the appellant was convicted of second offense driving under the influence. For this offense, the appellant was sentenced on September 21, 2000, to 11 months and 29 days. According to the terms of his sentence, the appellant was ordered to serve 90 days in jail with the remainder of his sentence to be served on probation. The appellant appealed that conviction to this Court, but the appeal was subsequently dismissed.

What follows is somewhat uncertain. From the technical record, it appears that a violation of probation occurred sometime prior to November 28, 2001, because court minutes from that date indicate that a hearing was held on a violation of probation warrant based on a positive drug screen. The minutes reflect that the appellant acknowledged the violation, agreed to the violator program terms, agreed to attend responsible choices class, and agreed to continue to participate in alcohol and drug rehabilitation. As a result of the violation, the trial court ordered that the appellant's probation be extended six months. The next document in the technical record is an order from October of 2002, wherein the trial court found the appellant in violation of probation and ordered the appellant to serve his sentence.

Also included in the record is a transcript of a hearing from September 25, 2002, at which the trial court considered a probation violation warrant.[1] The arguments of counsel at the hearing reference several probation violation warrants, but no testimony appears in the record to indicate the date of the warrant at issue at the hearing. Further, there were no exhibits introduced at the hearing.

The testimony at the hearing on September 25, 2002, does little to shed light on the sequence of events or the precise reason for the issuance of a probation violation warrant. At the outset of the hearing, counsel for the appellant asked that the trial court dismiss the probation violation warrant due to the fact that the appellant's sentence had expired. The trial court denied the motion.

The appellant's probation officer, Julie Oden, first testified that the six-month extension to the appellant's probation that was ordered by the trial court in November of 2001 was to begin at the conclusion of his original sentence.[2] It appears from the testimony of Ms. Oden that the probation violation warrant was issued due to the appellant's failure to report because she stated that the

---

[1] No probation violation warrants appear in the record before this Court. The appellant has, however, attached three probation violation warrants, one from September 27, 2001, one from June 11, 2002, and one from July 17, 2002 to his brief. The State submits on appeal that "the record should be supplemented" to include these warrants, but the State has not filed a motion to supplement.

[2] The appellant argues that "the original probation violation was issued after the expiration of his sentence" and that the November 2001 order extends his probation for six months from the date of the order.

appellant quit reporting and never gave a reason for not reporting. She also claimed that the appellant had not completed the required "MRT"[3] program as he had only attended four or five out of the twelve classes. The only other witness to testify was the appellant. He admitted that he stopped attending classes and reporting to his probation officer because it interfered with his job. He felt that it was more important to keep his job than to attend classes.

After hearing the testimony, the trial court found that the appellant "quit reporting" and, thus, violated the terms of his probation. The trial court entered an order on October 4, 2002, revoking the appellant's probation and ordering him to serve his sentence.

The appellant argues on appeal that the trial court abused its discretion by denying the motion to dismiss the probation violation warrant as untimely that counsel for the appellant made at the outset of the hearing. Specifically, he argues that the trial court did not have jurisdiction to hear the matter because his sentence had expired. He further argues that he did not violate the terms of his probation because he had permission from his probation officer not to report and the record indicates that he was attending classes as required by the terms of his probation. The State argues that the appellant's sentence had not expired because it was automatically stayed pending appeal. Further, the State contends that the evidence at the hearing supports the trial court's decision to revoke the appellant's probation.

A trial court no longer has authority to revoke probation and order service of the original sentence after a defendant successfully completes a probationary sentence. Tenn. Code Ann. § 40-35-310 ; State v. Hunter, 1 S.W.3d 643 (Tenn. 1999). In determining the expiration of a sentence of probation, a defendant is not entitled to credit for time served on probation unless the defendant successfully completes the entire term of probation. Hunter, 1 S.W.3d at 648. Furthermore, the expiration of a defendant's term of probation is stayed by the filing of a violation warrant, but the probationary term remains in effect until the trial court rules on the violation warrant. State v. Clark, 970 S.W.2d 516, 518 (Tenn. Crim. App. 1998). In State v. Lewis, 917 S.W.2d 251 (Tenn. Crim. App.1995), this Court held:

> A trial court may exercise its authority over a suspended sentence "at any time within the maximum time which was directed and ordered by the court for such suspension." Tenn. Code Ann. § 40-35-310. If a petition to revoke is initiated within the term of the sentence, any limitation of the time within which to act is tolled.

Id. at 256 (citations omitted).

However, due to the scant record on appeal, we are unable to address the issue of whether the appellant's sentence had expired at the time the trial court originally extended his probation in

---

[3]It is not clear from the record what the "MRT" program consists of or is designed for other than the fact that there are twelve classes in the program. Although it is not clear from the record, attendance at and completion of the "MRT" program seems to have been a requirement of the appellant's probation.

November, 2001. We cannot ascertain the date of the first probation violation or second probation violation without a warrant in the record. Further, there is no transcript from a hearing on the first probation violation. It is the duty of the Appellant to prepare an adequate record for appellate review. Tenn. R. App. P. 24(b). "When a party seeks appellate review there is a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal." State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993). Without any proof in the record as to what events actually transpired, we are unable to address this issue. We would note however that this Court's records show that on September 21, 2000, the same day the appellant was sentenced, he filed a notice of appeal to this Court. That appeal was voluntarily dismissed on February 15, 2001. If the appellant served his 90 day jail term after that date his original eight-month probationary term would not have begun until May, 2001, and would not have expired until January, 2002. When a criminal defendant convicted of a misdemeanor and sentenced to probation appeals his sentence, his sentence is automatically stayed pending the outcome of his appeal. State v. Lyons, 29 S.W.3d 48, 50 (Tenn. Crim. App. 1999).

As to the appellant's argument that the trial court abused its discretion in revoking his probation, however, we note that a trial court may revoke a defendant's probation and order him to serve his sentence upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. § 40-35-311(d). The decision to revoke probation rests within the sound discretion of the trial court. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). We review a trial court's revocation of probation for an abuse of discretion, rather than under a de novo standard of review. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation or community correction sentence has occurred. Id.; State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt, and the evidence need only show that the trial judge exercised a conscientious and intelligent judgment, rather than acting arbitrarily. Harkins, 81 S.W.2d at 82; State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

In the case herein, the appellant admitted at the hearing that he was guilty of not reporting to his probation officer, the substance of the alleged violation according to the testimony from the probation officer. Further, the probation officer's testimony is entirely consistent with the appellant's admission of the violation. We therefore conclude that the trial court did not abuse its discretion in revoking the appellant's probation and ordering him to serve the remainder of his sentence. See State v. Johnson, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999) (holding that defendant's concession of act constituting violation of probation constitutes substantial evidence of violation, and trial court's revocation based thereon is not abuse of discretion).

## Conclusion

After a thorough review of the record, we conclude that the trial court did not abuse its discretion in revoking the appellant's probation.  Accordingly, the judgment of the trial court is affirmed.


_____

JERRY L. SMITH, JUDGE