IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 15, 2004

**STATE OF TENNESSEE  v.  MICHAEL A. PRECHTEL**

**Direct Appeal from the Criminal Court for Cumberland County**
**No. 7722     Leon Burns, Jr., Judge**

---

**No. E2003-02653-CCA-R3-CD - Filed August 10, 2004**

---

Defendant, Michael A. Prechtel, appeals the trial court's revocation of probation.  On September 6, 2001, Defendant pled guilty in the Cumberland County General Sessions Court to possession of drug paraphernalia and was sentenced to serve 11 months and 29 days with all but two days suspended and placed on supervised probation.  Following three separate probation revocation proceedings in the general sessions court, Defendant's probation was revoked and he was ordered to serve his sentence in the Cumberland County jail.  Defendant appealed to the Cumberland County Criminal Court. Following a *de novo* hearing, the criminal court affirmed the general sessions court's decision to revoke Defendant's probation and ordered him to serve 11 months and 29 days in confinement. We affirm the judgment of the Cumberland County Criminal Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

David Neal Brady, District Public Defender; and Joe L. Finley, Jr., Assistant Public Defender, for the appellant, Michael A. Prechtel.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; William Edward Gibson, District Attorney General; Kevin D. Poore, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

A timeline of the revocation proceedings leading up to this appeal is helpful to our analysis. On September 6, 2001, Defendant was originally sentenced in the general sessions court to serve 11 months and 29 days with all but two days suspended and placed on supervised probation.  On January 16, 2002, a probation violation warrant was filed.  Following a revocation hearing on June 6, 2002, the general sessions court extended Defendant's probation for 11 months and 29 days, to expire on August 31, 2003.  On January 28, 2003, another probation violation warrant was filed.

Following a revocation hearing on February 27, 2003, the general sessions court purported to again extend Defendant's probationary term for 11 months and 29 days and ordered Defendant to serve 14 days in the Cumberland County jail with three days of jail credit. This extension of probation resulted in a probation expiration date of February 24, 2004.

Another probation violation warrant was filed on April 30, 2003, alleging that Defendant was arrested on April 19, 2003, and that Defendant had failed to pay court fines and supervision fees. A superseding warrant was filed on June 26, 2003, alleging that Defendant had failed to submit to a drug screen as instructed on June 17, 2003. Another warrant was filed on September 11, 2003, alleging that Defendant had failed to submit to a drug screen as instructed on September 9, 2003. On October 6, 2003, the general sessions court revoked Defendant's probation and ordered him to serve 11 months and 29 days in the Cumberland County jail. Defendant was given 14 days of jail credit. Defendant appealed the disposition of those warrants by the general sessions court to the Cumberland County Criminal Court. Following a *de novo* hearing in the criminal court, Defendant's probation was revoked and he was ordered to serve 11 months and 29 days incarcerated.

Initially we observe that Tennessee Code Annotated section 40-35-308(c) provides, "[N]otwithstanding the actual sentence imposed, at the conclusion of a probation revocation hearing, the court shall have the authority to extend the defendant's period of probation supervision for any period not in excess of two (2) years." Tenn. Code Ann. § 40-35-308(c). Defendant did not raise as an issue in this appeal the propriety of the general sessions court's second extension of his probationary period on February 27, 2003. We need not address whether the statute gives trial courts the authority to extend a defendant's probation more than once. The general sessions court's first order extending Defendant's probationary term stated that Defendant's sentence would expire on August 31, 2003. This Court has held that the filing of a probation violation warrant tolls the expiration of a term of probation. *State v. Clark*, 970 S.W.2d 516, 518 (Tenn. Crim. App. 1998). The expiration of Defendant's term of probation was stayed by the filing of the April 30, 2003, warrant until it and the superseding warrants, filed on June 26, 2003, and September 11, 2003, were disposed of on October 6, 2003. We now address whether there is evidence in the record to support the trial court's revocation of Defendant's probation.

At the revocation hearing in the criminal court, Juanita Stone, Defendant's probation officer, testified that Defendant refused to submit to a drug screen on September 9, 2003. Defendant told Ms. Stone that when he was a child, he underwent a surgery that "went wrong," and as a result, he is unable to urinate. Ms. Stone asked Defendant for medical proof of his condition, and Defendant gave her the name and telephone number of Dr. Richard Douglas Smith in Clarkrange. Ms. Stone testified that she called Dr. Smith's office and was informed that Defendant was not being treated for such a condition. Defendant had previously submitted to a drug screen while serving his sentence, the results of which were negative.

Defendant was 42 years old at the time of the revocation hearing. He testified at the hearing that he had "problems going in the mornings and during the day." He testified that he underwent surgery at the age of eleven, and the operation "did the opposite of what it was supposed to do."

Defendant testified that a doctor in Ohio had treated him for the condition, but he had since passed away. Defendant also testified that an automobile accident in 1986 worsened the condition, and as a result of the accident, he suffered a hematuria to his kidneys. Defendant testified that he woke up every hour during the night to urinate and he urinated early in the morning when he woke up. Defendant asked Ms. Stone if she would allow him to submit to the drug screen later that same day, and she declined, stating, "I'll see you in court." Defendant also offered to submit to a blood test, but later discovered that a blood test cost almost $400. At prior probation appointments, Defendant had submitted to drug screens, and, he testified, he had slept later in the morning so that he would be able to urinate when he arrived for his appointment. Defendant testified that his mother and girlfriend wrote letters to Ms. Stone, stating that they were aware that he had the "problems."

Imogene Ange testified at the hearing that she had been living with Defendant for seven years. She testified that Defendant did not urinate during the daytime.

At the conclusion of the hearing, the trial court found Ms. Stone to be more credible than Defendant and concluded that Defendant had violated the conditions of his probation by failing to submit to a drug screen. The trial court revoked probation and ordered Defendant to serve his original sentence of 11 months and 29 days in confinement.

A trial court may revoke probation and order the imposition of the original sentence or may order the sentence served by incarceration upon a finding by a preponderance of the evidence that the person has violated a condition of probation. Tenn. Code Ann. §§ 40-35-310, -311. The decision to revoke probation rests within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). A revocation of probation is subject to an abuse of discretion standard of review, rather than a *de novo* standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation has occurred. *Id*.; *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt, and the evidence need only show that the trial judge exercised a conscientious and intelligent judgment, rather than acting arbitrarily. *Gregory*, 946 S.W.2d at 832; *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

We conclude that the trial court did not abuse its discretion in revoking Defendant's probation and ordering Defendant to serve his original sentence incarcerated. There is evidence in the record to support the revocation. Ms. Stone, Defendant's probation officer, testified that Defendant refused to submit to a drug screen on September 9, 2003. The trial court accredited her testimony, and we will not disturb the trial court's ruling.

**CONCLUSION**

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE

-3-