# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs October 23, 2012

## STATE OF TENNESSEE v. ALVIN DONELL DAVIS

**Appeal from the Criminal Court for Hamilton County**
**No. 264695      Don W. Poole, Judge**

---

**No. E2012-00398-CCA-R3-CD - Filed February 25, 2013**

---

The Defendant, Alvin Donell Davis,[1] appeals the revocation of his probation by the Hamilton County Criminal Court.  On appeal, the Defendant argues that the trial court was without authority to revoke his probation because his sentences had expired.  After a review of the record, we conclude that the trial court did not abuse its discretion in revoking the Defendant's probation on Count 2 of his convictions and affirm the trial court's order of probation revocation and incarceration on that count.  However, because the sentences in Counts 1 and 3 expired prior to the filing of the revocation warrant, the trial court lacked the authority to revoke the Defendant's sentence on those counts; therefore, the orders of revocation and incarceration on Counts 1 and 3 are reversed and vacated.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court**
**Affirmed in Part; Reversed in Part**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and THOMAS T. WOODALL, J., joined.

Michael Thomas, Chattanooga, Tennessee, for the appellant, Alvin Donell Davis.

Robert E. Cooper, Jr., Attorney General and Reporter; Kyle Hixson, Assistant Attorney General; William H. Cox, III, District Attorney General; Jason Demastus, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
## FACTUAL BACKGROUND

---

[1]  In accordance with the policy of this court, we will use the name of the Defendant as it is listed in the indictment, but for the purpose of brevity, we will omit the multiple aliases also included therein.  We also note that the name suffix senior appears on several documents in the technical record.

On December 5, 2007, the Defendant pled guilty to a violation of the Motor Vehicle Habitual Offender (MVHO) Act, a Class E felony; possession of less than one-half gram of cocaine for resale, a Class C felony; and attempted tampering with evidence, a Class D felony. See Tenn. Code Ann. §§ 39-12-101, 39-12-107, 39-16-503, 39-17-417, 55-10-616. Pursuant to the terms of the guilty plea agreement, he was sentenced as a Range I, standard offender and his sentenced was structured as follows: Count 1, MVHO violation, two years, the balance of which was to be suspended following service of eleven months and twenty-nine days, and he was to be placed on intensive probation for two years thereafter; Count 2, possession of less than one-half gram of cocaine for resale, four years, consecutive to Count 1, and suspended to intensive probation; and Count 3, attempted tampering with evidence, two years, concurrent with Count 2, but likewise consecutive to Count 1, and suspended to intensive probation. The Defendant was released from custody to intensive probation on February 18, 2008.

On March 10, 2009, following the filing of a violation report, the trial court issued a capias for the Defendant's arrest. The capias was not executed until August 28, 2009. The trial court upheld the violation warrant on December 9, 2009 after a hearing.[2] To reflect its order of partial revocation, the trial court entered amended judgment forms. The amended forms reflected that the Defendant's probationary sentence in Count 1 was revoked and ordered into execution. The probationary period in Count 2 was extended by two years, for a total of six years on probation; the incarcerative sentence of four years remained unchanged. The amended form reflected that Count 2 was to be served consecutively to Count 1. As for Count 3, the amended form showed that the probationary sentence was revoked and ordered into execution; the form was silent as to consecutive or concurrent service of the sentence. The Defendant was released from custody on March 23, 2010. The Tennessee Board of Probation and Parole issued a "Probation Certificate" releasing the Defendant on Counts 1 and 3 from the two-year sentences, and noting his sentence expiration date on those counts as March 29, 2011.

On July 21, 2011, the trial court issued a capias for the Defendant's arrest after a second violation report had been filed. The capias was executed on August 24, 2011. At the subsequent revocation hearing, the Defendant stipulated that he violated the conditions of his probation but requested another chance. At the outset of its ruling, the trial court noted the original structure of the Defendant's sentence: "[H]e received a two-year sentence on count one. Count three was consecutive to that two years but count two was also consecutive to count one, which was a four-year sentence. . . . So it technically would have been a six-year sentence." The trial court further stated that, at a previous revocation hearing in December 2009, "I think the thought at that time was that . . . a short term of incarceration at the

_____

[2] A transcript of this hearing is not included in the record on appeal.

Department of Correction[] would wake [the Defendant] up.  And that was the hope and that's the reason the four-year sentence was not revoked, because that would have been a more lengthy sentence."

The trial court, thereafter, revoked the Defendant's probationary sentences on all three counts and ordered that he serve the remainder of his sentences in the Department of Correction ("DOC").  In so ordering, the trial court stated, "The second count, or the third count, is running concurrent with . . . count two, so that should be made clear in regard to this." Revocation orders to that effect were entered February 1, 2012.  This appeal followed.

## ANALYSIS

The Defendant contends that the"trial court erred as a matter of law in its decision to effectively restructure the [Defendant's] original sentence involving Counts 1 and 2 from concurrent to consecutive thus requiring him to potentially serve an additional two years beyond his original sentence in violation of [Tennessee Code Annotated section] 40-35-310, -311."  Specifically, he alleges the following error:

> [T]he trial court ordered the balance of his sentence into execution.  The effect of the judgment violates T.C.A. § 40-35-311 since the trial court failed to adhere to the original sentence from 2007.  The error arises when the court, in 2009, ordered Counts 1 and 3 into execution.  The court mistakenly ordered [Count] 3 into execution believing the sentence was to run concurrent to Count 1 instead of Count 2.  Based upon this mistake, the court wrongfully ordered that probation on Count 2 be extended by two years.  This mistake led directly to the [Defendant] violating his probation when the probation period should have already extinguished.

The Defendant's primary argument is that his sentences had expired.  The statement of the issue as presented by the Defendant is based upon a factual misstatement that Counts 1 and 2 were at one point ordered to run concurrently with one another.  Such is not the case.  At no point in these proceedings did the trial court order the four-year sentence in Count 2 to be served concurrently with the sentence in Count 1.  Equally significant is the fact that the sentence is Count 2 was never ordered into execution prior to the order entered February 1, 2012.

The State concedes that the sentence in Count 1 had expired before the filing of the revocation warrant and that the trial court had no authority to revoke the Defendant's probation on that count.  The State then argues that the Defendant's sentences in Counts 2

and 3 had not yet expired before the filing of the warrant, and thus, the trial court properly revoked the Defendant's probation on those counts. We agree with the State in part.

A trial court's authority to revoke a suspended sentence is derived from Tennessee Code Annotated section 40-35-310, which provides that the trial court possesses the power "at any time within the maximum time that was directed and ordered by the court for the suspension, . . . to revoke . . . the suspension" and cause the original judgment to be put into effect. A trial court may revoke a sentence of probation upon finding by a preponderance of the evidence that the defendant has violated the conditions of release. Tenn. Code Ann. § 40-35-311(e).

Generally, revocation may occur only within the probationary period. Alder v. State, 108 S.W.3d 263, 267 (Tenn. Crim. App. 2002) (citing State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001); Tenn. Code Ann. § 40-35-310)). However, if a trial court issues a probation revocation warrant within the term of probation, it tolls the limitation of time in which the court may act to revoke probation. Shaffer, 45 S.W.3d at 555; State v. Clark, 970 S.W.2d 516, 518 (Tenn. Crim. App. 1998). Specifically, it is the filing of a revocation warrant, not the filing of the report nor the service of the warrant on the defendant, that tolls the limitations period. See Shaffer, 45 S.W.3d at 555; State v. Terry Bonds, No. E2011-01199-CCA-R3-CO, 2012 WL 1956701, at *8 (Tenn. Crim. App. May 31, 2012), perm. app. denied, (Tenn. Nov. 20, 2012). If consecutive sentences are involved, the court may revoke the suspended sentence in only those cases in which the term of the individual sentence had not expired before filing of the revocation warrant. State v. Anthony, 109 S.W.3d 377, 381-82 (Tenn. Crim. App. 2001).

The confusion in what would otherwise be a straight-forward case arose from the trial court's use of a judgment form designated as an amended judgment in the place of an order to revoke the Defendant's probation. At the December 9, 2009 hearing, using these forms, the trial court revoked the Defendant's probationary sentences in Counts 1 and 3 and ordered execution of those sentences. The court extended the probationary term on Count 2 by two years. The amended judgment form for Count 3 was silent as to the concurrent or consecutive nature of the sentence with the other counts; the amended judgment form for Count 2 did note that the sentence was consecutive to Count 1. The plea agreement and original judgment forms reflect that the sentences in Counts 1 and 3 were to be served consecutively to one another, with the sentence in Count 3 running concurrently with the sentence in Count 2. Nonetheless, we ascertain that the DOC, upon receipt of the amended judgment forms, treated the sentences in Counts 1 and 3 as concurrent terms.

The State correctly notes that it is not entirely clear what occurred at the December 9, 2009 hearing because a transcript of that proceeding is not included in the appellate record.

Regardless of what transpired at the hearing, the trial court did not have the authority to change the service of Counts 1 and 3 from consecutive to concurrent on December 9, 2009. Upon finding that a defendant has violated the conditions of probation, the trial court may revoke the probation and implement one of the following: (1) order incarceration; (2) order the original probationary period to commence anew; or (3) extend the remaining probationary period for up to two additional years. State v. Hunter, 1 S.W.3d 643, 644 (Tenn. 1999); see Tenn. Code Ann. §§ 40-35-308, -310, -311. The trial court cannot restructure the sentence, as it could following a revocation of a community corrections sentence, and "resentence the defendant to any appropriate sentencing alternative, including incarceration . . . . " See Tenn. Code Ann. § 40-36-106(e)(4); State v. Taylor, 992 S.W.2d 941, 945 (Tenn. 1999).

Upon receipt of the amended judgment, the DOC executed the sentences for both Counts 1 and 3. In spite of the fact that the trial court lacked the authority to order execution of the sentence in Count 3 independently of the sentence in Count 2, Tennessee Code Annotated section 40-28-129 confers on the DOC the statutory responsibility of "calculating the sentence expiration date and the earliest release date of any felony offender sentenced to the department of correction and any felony offender sentenced to confinement in a county jail or workhouse for one (1) or more years." The Tennessee Board of Probation and Parole issued a "Probation Certificate," which provided that the Defendant's two-year sentence on Count 1 and 3 expired on March 29, 2011. The revocation warrant was not filed until July 21, 2011. Accordingly, the Defendant's sentences in Counts 1 and 3 expired prior to the filing of the violation warrant.[3]

Consequently, the service of the four-year sentence in Count 2 began on March 29, 2011, and was obviously still in effect when the violation warrant was filed in July of that year. At the probation revocation hearing, the Defendant stipulated that he violated the conditions of his probation but merely requested a second chance. We have held "that an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999), perm. app. denied, (Tenn. June 28, 1999). The trial court acted within its discretionary authority to revoke the Defendant's probation on Count 2 and impose his original four-year sentence. See Tenn. Code Ann. §§ 40-35-310, -311(e). Accordingly, the decision of the trial court, finding that the Defendant violated the conditions of his release, is affirmed.

## CONCLUSION

---

[3] The amount of time served by the Defendant in custody on the two-year sentence for Counts 1 and Count 3 was not increased by the trial court's error. He went into custody on August 28, 2009, and was released March 23, 2010. In fact, his service on Count 3 was thereby reduced.

Based upon the foregoing reasoning and authorities, the orders revoking the Defendant's probation in Counts 1 and 3 are reversed and vacated. The order revoking the Defendant's probation in Count 2 is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE