EDWARD GENTRY LEACH, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

420 S.W.2d 641.

(*Nashville,* December Term, 1966.)

Opinion filed October 20, 1967.

SETH NORMAN, Nashville, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, and EDGAR P. CALHOUN, Assistant Attorney General, Nashville for defendant in error. THOMAS H. SHRIVER, District Attorney General, Nashville, prosecuted the case for the State in the trial court.

MR. JUSTICE CRESON delivered the opinion of the Court.

This is an appeal from a judgment of the Criminal Court of Davidson County. The plaintiff in error, hereinafter referred to as the defendant, was convicted of murder in the second degree. He was sentenced to serve not less than ten nor more than twenty years in the State Penitentiary.

Motion for new trial was timely filed and taken under advisement by the court. After extensive consideration, motion for new trial was overruled.

The defendant's first assignment of error on this appeal is that the evidence presented in the case preponderates against the verdict of the jury and in favor of the innocence of the defendant. The defendant admits stabbing the deceased, but maintains that the evidence showed that he was acting in self-defense.

The State introduced eye-witness testimony from several co-workers of the defendant and deceased, all of whom were laborers in the brickyard in which the incident took place. They testified that several of the workers, including the deceased, had engaged in some rough taunting or jesting aimed at the defendant, just prior to the incident. These witnesses stated that following the taunting the defendant approached the deceased, hit him in the face, and stabbed him twice in the side with a knife. Several of these witnesses testified that the deceased had no weapon at the time, and that he made no offensive gestures toward the defendant prior to the stabbing. Further eye-witness testimony was that the deceased ran from the defendant, whereupon the defendant chased the deceased one block from Plant No. 2 of the brickyard to Plant No. 3. At a point during the chase, the deceased picked up some bricks and threw them at the defendant in an attempt to stop him. One brick struck the defendant in the head.

The defendant's story was materially different. He testified that the deceased initially struck him in the hand with a piece of brick; and that he retaliated by stabbing the deceased in the side.

▆▆▆ This issue was presented to the jury and beyond doubt there was, if believed, sufficient evidence for them to find the defendant guilty of a willful and malicious killing. On appeal, the defendant has the burden of showing that the evidence preponderates against the verdict and in favor of his innocence. The jury's verdict of guilty, approved by the trial judge, establishes the credibility of the witnesses supporting the verdict, displaces the presumption of innocence that attached to the defendant in the trial court, and raises a presumption of guilt.

*Cooper v. State* (1909) 123 Tenn. 37, 138 S.W. 826; *Holt v. State* (1962) 210 Tenn. 188, 357 S.W.2d 57; *McBee v. State* (1963) 213 Tenn. 15, 372 S.W.2d 173. The defendant has not carried that burden.

The defendant further assigns as error the decision of the trial judge in refusing to compel one of the State's witnesses, a police officer, to place his entire investigation file into evidence.

The defendant argues that since the officer utilized matters within the file to aid his testimony, the defendant should have been allowed to examine the complete file and to have it made an exhibit to the cross-examination of the witness. In response to questions from the Attorney General and to cross-examination by the defendant's attorney, the officer referred, in a limited way, to notations in the file to refresh his memory.

Modern authorities on the law of evidence draw distinctions with respect to the use of prior memoranda of the witness at the trial. The basic distinction lies between (1) use of the memoranda for the purpose of refreshing the witness's memory so that he testifies to the facts from a memory thus refreshed; and (2) use of the memoranda as evidence of the facts, themselves; that is, as a substitute for the witness. These distinctions are both realistic and widely recognized. In other words, the testimony in situation No. (1) is what the witness testified to from his refreshed memory; whereas, in situation No. (2), the facts are those that are derived from the past recollection recorded, provided that the conditions to the use of this testimony are met. See generally, McCormick on Evidence, sec. 9 (1954), 3 Jones on Evidence, sec. 874 (4th Ed. 1938), and 98 C.J.S. Witnesses secs. 357-358.

■ In the present case, the defendant admits that the use of specific memoranda from the file by the police officer falls into the category of refreshed recollection. Looking again to the authorities on this subject, they are in agreement that the trial judge should permit an examination of the memorandum used to refresh the witness's memory. This, for the purpose of insuring that the memorandum actually does refresh; and that the witness is testifying from his own memory. See McCormick on Evidence, sec. 9 (1954), 3 Jones on Evidence, secs. 876 and 883, and 98 C.J.S. Witnesses secs. 357, 362.

It is clear from the record in this case that the trial judge did permit the defendant's counsel to examine the parts of the file which the police officer had used to refresh his memory.

■ On the question of whether the trial judge should have forced the introduction of the entire investigation file into evidence, we are of opinion that his action in this regard could constitute, at most, only an abuse of discretion. We find no such abuse on this record. The authorities are in agreement that since the witness is testifying from his refreshed memory, there is no compelling reason or necessity for the introduction of the paper or writing, itself. See McCormick on Evidence, secs. 9 and 278 (1954), 3 Jones on Evidence, sec. 883 (4th Ed. 1938), and 98 C.J.S. Witnesses sec. 363.

Before concluding, we find it significant to inquire just precisely what the defendant's counsel insists is error by the trial court in this regard. On page 17 of defendant's brief, the following appears:

"Of course, in the case at hand, the trial court overruled defendant's counsel's request to examine the memorandum and the defendant, by and through his

counsel, was thus denied the benefit of examining the said memorandum for the purpose of properly cross-examining the State's witness, Cathey. It is, therefore, the contention of the defendant that the purpose for the various rules allowing opposing counsel to examine a witness' memorandum from which he testifies is to ascertain the fact that the witness is properly testifying from the memorandum and the memorandum does, in fact, contain certain information which could properly refresh the witness' recollection. Having thus denied the defendant the use of the said memorandum on cross-examination, the defendant has no knowledge of what the memorandum might contain or what misuse might be made of the same.''

It clearly appears on this record that defendant was not, in fact, deprived of an examination of the specific memoranda which he now insists were held from him. All that the trial judge did in the instant case was to deny defendant's counsel examination and introduction of an entire investigation file, the great bulk of which had neither been referred nor alluded to by the witness.

Counsel's main reliance is placed on the prior opinion of this Court in *Smith v. State* (1959) 205 Tenn. 502, 327 S.W.2d 308. We are unable to discern how the defendant can find any comfort in this decision. Certainly, nothing we have said or held here is in conflict with that case.

Finding no merit in either of defendant's assignments of error, the judgment of the trial court is affirmed; and the costs of this appeal are assessed against the plaintiff in error.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.