Edward Earl JONES, Appellant,

v.

STATE of Tennessee, Appellee,

Court of Criminal Appeals of Tennessee.

Feb. 28, 1980.

Permission to Appeal Denied by Supreme Court June 30, 1980.

Edward G. Thompson, Memphis, Ural B. Adams, Jr., Shelby County Public Defender, Charles E. Baucum, Asst. Public Defender, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., Richard S. Maxwell, Asst. Atty. Gen., Nashville,

Steven Feldman, Research Asst., Alan E. Glenn, Kathleen O. Spruill, Asst. Dist. Attys. Gen., Memphis, for appellee.

## OPINION

O'BRIEN, Judge.

Defendant appeals from a jury conviction finding him guilty of rape, robbery by use of a deadly weapon, and crime against nature. Punishment was fixed respectively at life imprisonment, ten (10) years, and not less than eight (8) years nor more than twelve (12) years.

Defendant first says there is no evidence to support the verdict of the jury except a statement taken by the police which he says was not given freely and voluntarily.

The offenses for which defendant was convicted occurred on August 11, 1977. The rape victim who was fifty-five years of age, lived with her eighty-eight year old mother on Mimosa Street in the City of Memphis. The younger woman had retired for the evening. Her mother was watching television in another room of the house. Aroused by an unusual noise the daughter began investigating and observed a black man coming through a hallway in the house. The mother came into the hallway to find her daughter wrestling with the intruder. He pushed them both into the living room where the younger woman continued to struggle with him. The lights were dimly lit. He first asked for money which was obtained for him. He then bound and gagged both women with pieces of cloth he had them procure for him. He then proceeded to rape the younger woman after which he forced her to commit an act of fellatio. He then forced her into another act of intercourse. He then prowled about the house for a few minutes during which he consumed a cold drink from the refrigerator. Returning to the room where they were he asked if there was any more money or guns in the house. When they responded in the negative he asked for the car keys which were given to him by the mother. He was told to take the automobile and after asking directions toward town he left. After they were able to effect their release the police were called and given a description of their assailant. Although the light was poor the victim described the intruder as being about 5'10", slender built with heavy shoulders, carrying a knife. He had a scarf around his head and was wearing a dark tank top shirt. The victim's automobile was subsequently recovered where it had been abandoned about four-tenths of a mile from defendant's home. No fingerprints were found anywhere about the home where the incident occurred or the automobile which was taken by the intruder. Defendant was arrested and charged with an unrelated burglary in the early morning hours of September 21, 1977. At the suppression hearing it was developed that defendant was transported to police headquarters about 1:00 A. M. During the remaining morning hours he was processed and also appeared in a line-up. About 4:30 he was taken out and interrogated for about an hour and one-half, then returned to the jail. About 9:45 in the morning he was checked out again for about an hour. Sometime after the lunch hour, about 1:00 o'clock, he was checked out again and taken by officers to the scene of various crimes which had occurred in the area where he was apprehended. During that time he was generally questioned about numerous law violations. He was fed when the officers ate shortly after one o'clock and again around 6:00 P.M. During the course of the afternoon the defendant had given them various facts relative to the rape and robbery about which they made notes. When they returned to the jail sometime after 6:00 they began interrogating him specifically about these offenses. He was properly advised of his rights and was asked questions in the presence of a typist to which he responded admitting that he had broken into the house and corroborated in some detail the facts related to the officers by the victims about the rape and robbery. According to the officers defendant appeared normal, made no complaint about lack of food, water or sleep, nor did he make any request for medical attention.

It was defendant's testimony that he was beaten by the police officers with a night stick and flashlight at the time of his arrest. He says his head and his leg were injured and he was questioned all day without rest or food. A threat was made that he would not see the streets again if he did not cooperate and if he did cooperate he might get off with twenty years imprisonment. He denies he was advised of his rights properly, and says he was not informed about his rights at all until after the police had taken some of the statement from him. His statement introduced into evidence was initialed by him on each page with the last page bearing his signature, although he denied he was given an opportunity to read it.

■ The trial judge found the defendant had properly been advised of his rights and that the statement given by him was given freely and voluntarily without any force or threats or coercion.

There is nothing in this record to warrant overturning the conclusion of the trial judge. A ruling of this nature is conclusive on appellate review unless it can be determined that the evidence preponderates against the trial court's fact findings. *Braziel v. State*, 529 S.W.2d 501 (Tenn.Cr.App. 1975). We do not find this to be true in this case.

■ Defendant argues that there is no evidence independent of his confession to support the verdict of the jury. It is true that the law does not allow a conviction on the basis of an extrajudicial confession without some corroborating evidence. *Franklin v. State*, 513 S.W.2d 146, (Tenn.Cr. App.1974). However, it is the law in this State that while the corpus delicti cannot be established by confessions alone, yet the confessions may be taken in connection with other evidence, direct or circumstantial, corroborating them, and if from all the evidence so considered together the corpus delicti and the guilt of the person with reference thereto is established beyond a reasonable doubt, it is the duty of the jury to convict. *Ashby v. State*, 139 S.W. 872, 124 Tenn. 684 (1911). The assault upon,

and robbery, of the victims in this case is not refuted. The circumstances of the offenses coupled with the victim's limited description of the defendant and his attire corroborated the confession of defendant. There were other connecting circumstances, including the discovery of the victim's stolen vehicle within a short distance of defendant's residence, and circumstances surrounding the assault which confirmed defendant's guilt. We overrule the assignments pertaining to the admission of defendant's confession and the sufficiency of the evidence.

■ Defendant claims he was denied copies of an offense report which police officers used to refresh their memory.

We note initially that defense counsel has failed to cite any reference to the pages of the record where this ruling of the court appears. This is a violation of the rules of this Court which ordinarily would warrant our declining to consider the issue. However, it is plain there is no merit to the assignment.

It appears that this complaint applies itself to the testimony of the police officers who investigated the incident at the home of the victims at the time it occurred. Each of these officers had, prior to their taking the stand, utilized an offense report to refresh their memory of the events which occurred on the night of the offense. At the conclusion of their direct testimony defense counsel requested to see this report. He did not give the court any reason for this request. Defendant's brief indicates counsel wished to examine the report for the purpose of impeaching the testimony of the victims. The trial judge unequivocally denied counsel the opportunity to examine the report in any manner. His comments at the time indicate the denial to be in conjunction with the Rules of Criminal Procedure. Under the facts of this case we think the trial judge was correct in denying counsel the opportunity to examine the police reports. Such reports are not the subject of disclosure under No. 16 of the Rules of Criminal Procedure applying themselves

to discovery and inspection. However, this does not foreclose the matter because these Rules of Criminal Procedure do not abrogate the case law in this State to the effect that where a witness uses a memoranda, such as a police report, for the purpose of refreshing his memory such memoranda must be produced for inspection by opposing counsel and for his use in cross-examination. *Leach v. State*, 420 S.W.2d 641, 220 Tenn. 526 (1967). This rule applies in all cases except where the witness' use of such memoranda takes place prior to his testimony and not while on the witness stand. *Hunter v. State*, 440 S.W.2d 1, 222 Tenn. 672 (1969). It follows then that the trial judge pursued the correct course whichever reason prevailed.

■ Defendant says the trial court erred in its basis for directing his sentences to be served consecutively.

This assignment is overruled. Defendant undoubtedly fits into the category of a persistent offender based on his record. The trial judge was justified in finding him to be a dangerous offender. The rape offense was committed by threatening the victim with a knife. In the course of committing the act the victim was wounded twice, however slightly, and the rapist indicated his disregard for the life and welfare of her mother while he was in the process of committing the act.

We affirm the judgment of the trial court.

WALKER, J., concurs.

DAUGHTREY, J., concurs in result only.