# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### NOVEMBER SESSION, 1998

**FILED**

February 8, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 01C01-9711-CC-00507** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **HUMPHREYS COUNTY** |
| **VS.** | ) | |
| | ) | **HON. ALLEN W. WALLACE** |
| **DARYL HOOPER,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal - Possession of** |
| | ) | **Marijuana for Resale)** |

FOR THE APPELLANT:                    FOR THE APPELLEE:

MICHAEL J. FLANAGAN                   JOHN KNOX WALKUP
DALE M. QUILLEN                       Attorney General and Reporter
95 White Bridge Rd. #208
Nashville, TN 37205                   TIMOTHY BEHAN
                                      Assistant Attorney General
                                      425 Fifth Avenue North
                                      Nashville, TN 37243-0493

                                      DAN ALSOBROOKS
                                      District Attorney General

                                      GEORGE T. SEXTON
                                      District Attorney General
                                      Humphreys County Courthouse
                                      Waverly, TN 37085

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

On June 4, 1997, a Humphreys County jury convicted Appellant Daryl Hooper of possession of more than ten pounds of marijuana for resale and possession of drug paraphernalia. After a sentencing hearing on July 22, 1997, the trial court imposed concurrent sentences of four years for the marijuana conviction and eleven months and twenty-nine days for the paraphernalia conviction. Appellant challenges both his convictions and his sentences, raising the following issues:

1) whether the trial court erred when it allowed the jury to hear an audiotape of a prior statement of a witness; and

2) whether the trial court properly sentenced Appellant.

After a review of the record, we affirm the judgment of the trial court.

## I. FACTS

On May 29, 1996, Officer Joe Taylor of the Conway, Arkansas Police Department made a traffic stop of a vehicle driven by Charles Carr. After obtaining consent from Carr and his passenger, Kenneth McKee, Officer Taylor conducted a search of the vehicle. During the search, Officer Taylor discovered twenty-three packages containing 21.47 pounds of marijuana. After a conversation with McKee, Officer Taylor contacted Police Chief John Ethridge of the McEwen, Tennessee Police Department about making a controlled delivery of the marijuana in Tennessee.

After obtaining the marijuana, Officer Billy Hudspeth of the Twenty-third Judicial District Drug Task Force accompanied McKee to Appellant's residence in McEwen. When Hudspeth and McKee arrived at Appellant's residence, Appellant came to the door and McKee stated that he had the package from Albuquerque. Hudspeth and McKee left the marijuana with Appellant and then drove away.

A short time later, Officer Hudspeth and several other police officers returned to Appellant's residence and found that Appellant was not in his house. After a brief search of the surrounding property, the officers found Appellant hiding in some weeds about 100 yards from his house. After Appellant was taken into custody, he told the officers where the marijuana was located. The officers subsequently found all of the marijuana along with a small smoking pipe.

McKee testified during a jury out hearing at trial that he suffered from short and long term memory loss and he could not recognize Appellant as someone he knew. McKee stated that he remembered talking to Officer Hudspeth, but he did not remember whether those conversations were tape recorded. McKee also stated that he remembered telling Officer Hudspeth that he had transported the marijuana from New Mexico to Tennessee, but he could not remember where he actually delivered the marijuana. The State then played a tape recording of a conversation between McKee and Officer Hudspeth about several drug transactions McKee had with Appellant. After listening to the tape, McKee stated that he remembered having the conversation with Officer Hudspeth, but he did not remember any of the events discussed during the conversation.

McKee then testified, in the presence of the jury, that he suffered from memory loss and confusion and that he remembered talking to Officer Hudspeth, but he had no present memory of the matters discussed in the conversation. The trial court then allowed the State to play the tape in the presence of the jury.

On the tape, McKee stated that he first came into contact with Appellant when he saw Appellant smoking marijuana and he asked Appellant how he could obtain some marijuana for himself. Over the next few months, McKee purchased marijuana from Appellant on four or five occasions. McKee stated that he had agreed to transport marijuana for Appellant in order to pay off a debt that he owed to Appellant. McKee then traveled to Albuquerque and checked into a motel selected by Appellant. At some point, a Mexican man came to the motel and asked for the keys to McKee's vehicle. A few hours later, the man returned and told McKee that the vehicle was ready to go. McKee also stated that he had transported another load of marijuana for Appellant by following this same basic procedure.

## II. PLAYING OF THE AUDIOTAPE

Appellant contends that the trial court erred when it allowed the jury to listen to the audiotape of the conversation between McKee and Officer Hudspeth. Specifically, Appellant claims that the tape was inadmissible under both Rule 803(5) and Rule 404(b) of the Tennessee Rules of Evidence and because playing the tape to the jury deprived him of his constitutional right to confrontation.

## A. Rule 803(5)

Appellant contends that the audiotape was not admissible under Rule 803(5) because the requirements of the rule were not satisfied. Under Rule 803(5),

> A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the witness's memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

Tenn. R. Evid. 803(5). Unlike writings used to refresh a witness's present recollection under Rule 612 of the Tennessee Rules of Evidence, recorded recollections admitted in accordance with Rule 803(5) are themselves substantive evidence. See Leach v. State, 220 Tenn. 526, 420 S.W.2d 641, 642 (1967).

To utilize Rule 803(5)'s recorded recollection exception to the hearsay rule, a party must (1) provide a memorandum or record;[1] (2) about a matter that the witness once had knowledge of; (3) establish that the witness now has insufficient recollection to testify fully and accurately; (4) that the statement was made or adopted by the witness; (5) while fresh in the witness's memory, and; (6) that the record accurately reflects the witness's knowledge. See State v. Mathis, 969 S.W.2d 418, 422 (Tenn. Crim. App. 1997); NEIL P. COHEN ET AL., TENNESSEE LAW OF EVIDENCE § 803(5).2, at 557–58 (3d ed. 1995).

---

[1] The record may be a tape recording. Mitchell v. Archibald, 971 S.W.2d 25, 28 n.4 (Tenn. Ct. App. 1998). See also United States v. Sollars, 979 F.2d 1294, 1298 (8th Cir. 1992); 2 MCCORMICK ON EVIDENCE § 281 (John W. Strong 4th ed. 1992).

The audiotape of McKee's statement meets Rule 803(5)'s requirements as a past recollection recorded. First, the record was in the form of an audio recording. Second, McKee had first hand knowledge of activities he discussed in the tape recorded conversation because he participated in them. Third, McKee stated that he remembered having the conversation with Hudspeth, but he did not remember any of the events discussed during the conversation. Fourth, McKee testified that the voice on the tape was his. Fifth, the detailed nature of the statement indicates that it was made at a time when the matter was still fresh in McKee's memory. Finally, McKee testified that he told the truth when he made the statement. Thus, playing the tape in the presence of the jury was proper under Rule 803(5).[2]

## B. Rule 404(b)

Appellant contends that the audiotape was not admissible under Rule 404(b) because it contained reference to other crimes committed by Appellant. Rule 404(b) states

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity with the character trait. It may, however, be admissible for other purposes. The conditions which must be satisfied before allowing such evidence are:
>
> > (1) The court upon request must hold a hearing outside the jury's presence;

---

[2]Appellant argues that even if the statement was admissible under Rule 803(5), the proper procedure would have been to read a transcript of the tape to the jury rather than playing the tape itself. It is true that Rule 803(5) does not expressly provide for the playing of audio or videotapes. However, we conclude that if the record is an audio or video recording, there is no reason why the tape should not be played to the jury during trial and transcribed in the record at that time. Indeed, the Tennessee Court of Appeals has upheld the playing of an audiotape to the jury because the tape qualified as a recorded recollection under Rule 803(5). See Mitchell, 971 S.W.2d at 28–29.

> (2) The court must determine that a material issue exists other than conduct conforming with a character trait and must upon request state on the record the material issue, the ruling, and the reasons for admitting the evidence; and
>
> (3) The court must exclude the evidence if its probative value is outweighed by the danger of unfair prejudice.

Tenn. R. Evid. 404(b). A fourth prerequisite to admission is that the court find by clear and convincing evidence that the defendant committed the prior crime. Tenn. R. Evid. 404 (Advisory Commission Comments); State v. DuBose, 953 S.W.2d 649, 654 (Tenn. 1997); State v. Parton, 694 S.W.2d 299, 303 (Tenn. 1985). When a trial court substantially complies with the procedural requirements of the rule, its determination will not be overturned absent an abuse of discretion. DuBose, 953 S.W.2d at 652. Where a court fails to substantially comply with these requirements, the court's decision is afforded no deference. Id.

The record indicates that the trial court addressed the admissibility of the audiotape during a jury out hearing. However, the trial court did not make an express determination that the danger of unfair prejudice did not outweigh the probative value of the evidence.[3] Thus, our review is de novo without any deference to the trial court's decision.

Despite the trial court's failure to comply with the procedural requirements of the rule, we conclude that the trial court was correct when it ruled that the audiotape was admissible under Rule 404(b). The trial court ruled that the evidence about Appellant's prior drug transactions was admissible because it was relevant to establishing Appellant's intent to possess the marijuana for

---

[3]In addition, the trial court did not make an express determination that there was clear and convincing evidence that Appellant had committed the prior crimes. However, it appears that this was never really an issue as Appellant never challenged the allegation that he had committed the prior crimes.

resale. The Tennessee Supreme Court has stated that evidence of other crimes is admissible when offered to prove intent. <u>Parton</u>, 694 S.W.2d at 303. In addition, this Court has held that a pattern of prior drug sales is probative of a defendant's knowledge and intent to possess drugs for resale. <u>State v. Johnny Wayne Tillery</u>, No. 01C01-9506-CC-00182, 1998 WL 148326, at *6 (Tenn. Crim. App., Nashville, March 30, 1998). Indeed, evidence that Appellant had sold drugs before and had established a set method of obtaining drugs indicates that he took possession of the marijuana in this case with the intent of reselling it, which is an element of the offense. <u>See</u> Tenn. Code Ann. § 39-17-417(a)(4) (Supp. 1998). The highly probative value of this evidence was not outweighed by danger of unfair prejudice. Thus, the audiotape was admissible under Rule 404(b).

## C. Right of Confrontation

Appellant contends that playing the audiotape in the presence of the jury deprived him of his right of confrontation under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Tennessee Constitution. The right of confrontation provides two types of protection for criminal defendants: the right to physically face the witnesses who testify against the defendant, and the right to cross-examine witnesses. <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39, 51, 107 S. Ct. 989, 998, 94 L. Ed. 2d 40, 53 (1987); <u>State v. Middlebrooks</u>, 840 S.W.2d 317, 332 (Tenn. 1992). In this case, Appellant was able to both physically face McKee and was able to cross-examine him. Accordingly, we conclude that Appellant's right of confrontation was not violated by playing the audiotape in the presence of the jury. <u>See, e.g.,</u>

Hatch v. Oklahoma, 58 F.3d 1447, 1467 (10th Cir. 1995) (holding that admission of recorded recollection under Federal Rule of Evidence 803(5) does not violate the right of confrontation); United States v. Sawyer, 607 F.2d 1190, 1194 (7th Cir. 1979) (holding that admission of evidence under Federal Rule of Evidence 803(5) does not violate right of confrontation when witness is available for cross-examination). This issue has no merit.

## III. SENTENCING

Appellant contends that the trial court erred when it imposed a four year sentence for the marijuana conviction.[4] Specifically, Appellant claims that the trial court erroneously imposed a longer sentence than he deserved and improperly denied alternative sentencing.

"When reviewing sentencing issues . . . including the granting or denial of probation and the length of sentence, the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (1997). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider all the evidence, the presentence report, the sentencing principles, the enhancing and mitigating factors, arguments of counsel, the appellant's

---

[4]Appellant does not challenge his sentence for the paraphernalia conviction.

statements, the nature and character of the offense, and the appellant's potential for rehabilitation. Tenn. Code Ann. §§ 40-35-103(5), -210(b) (1997 & Supp. 1998); Ashby, 823 S.W.2d at 169. "The defendant has the burden of demonstrating that the sentence is improper." Id. Because the record in this case indicates that the trial court failed to properly consider the sentencing principles and all relevant facts and circumstances, our review is de novo without a presumption of correctness.

## A. Length of Sentence

Appellant claims that the trial court sentenced him to a longer term of imprisonment than he deserves. We disagree.

In imposing a four year sentence for the Class D felony marijuana possession conviction, the trial court failed to state whether it had considered any of the mitigating factors of Tennessee Code Annotated section 40-35-113. In our de novo review, we conclude that mitigating factor (1) applied because Appellant's conduct neither caused nor threatened serious bodily injury. See Tenn. Code Ann. § 40-35-113(1) (1997). However, we conclude that this factor is entitled to only minimal weight. See State v. Hoyt Edward Carroll, No. 03C01-9607-CC-00254, 1997 WL 457490 at *4 (Tenn. Crim App., Knoxville, Aug. 12, 1997) (holding that in cases involving drugs, mitigating factor (1) is entitled to little weight).

The trial court found that enhancement factor (2) applied because Appellant was a leader in an offense involving two or more criminal actors. See

Tenn. Code Ann. § 40-35-114(2) (1997). Appellant does not challenge the application of this factor and we conclude that it was correctly applied.

In our de novo review, we conclude that the trial court should have applied enhancement factor (1) because Appellant had a previous history of criminal behavior. See Tenn. Code Ann. § 40-35-114(1) (1997). Indeed, the record indicates that McKee had purchased marijuana from Appellant on four occasions and had transported marijuana for Appellant on one occasion in addition to the incident at issue here. While it is true that Appellant was not convicted of these prior offenses, section 40-35-114(1) does not limit consideration to convictions only. See State v. Anthony Joel Allen, Jr., No. 01C01-9612-CC-00514, 1998 WL 235963, at *4 (Tenn. Crim. App., Nashville, May 7, 1998).

In short, two enhancement factors and only one mitigating factor apply to the marijuana conviction and the mitigating factor is entitled to little weight. Thus, we hold that a sentence of four years is appropriate in this case.

## B. Alternative Sentencing

Appellant contends that the trial court erred by not granting his request for alternative sentencing. We disagree.

The Tennessee Criminal Sentencing Reform Act of 1989 recognizes that the capacity of state prisons is limited and mandates that "convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past

efforts of rehabilitation shall be given first priority regarding sentencing involving incarceration." Tenn. Code Ann. § 40-35-102(5) (1997). A defendant who does not qualify as such and who is an especially mitigated or standard offender of a Class C, D, or E felony is "presumed to be a favorable candidate for sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (1997); Ashby, 823 S.W.2d at 169. This simply means that the trial judge must presume such a defendant to be a favorable candidate for sentencing which does not involve incarceration. State v. Byrd, 861 S.W.2d 377, 379–80 (Tenn. Crim. App. 1993). However, this presumption is rebuttable and incarceration may be ordered if the court is presented with evidence of the following:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1) (1997); see also Ashby, 823 S.W.2d at 169. In determining the appropriate sentencing alternative, a court may also look to evidence or information offered by the parties on the statutory enhancement and mitigating factors. Tenn. Code Ann. § 40-35-210(b)(5) (1997). Lastly, a court should take into account the potential or lack of potential for a defendant's rehabilitation or treatment when considering the appropriate sentencing alternative. Tenn. Code Ann. § 40-35-103(5) (1997).

Appellant is a standard offender convicted of a Class D felony who does not fall within the parameters of Tennessee Code Annotated section 40-35-102(5). Therefore, he is presumed to be a favorable candidate for

alternative non-incarcerative sentencing. The trial court concluded that this presumption had been rebutted because it found that confinement was necessary to avoid depreciating the seriousness of the offense and confinement would provide an effective deterrence to others. We agree that the presumption that Appellant is a favorable candidate for alternative sentencing has been rebutted.

Regarding the seriousness of the offense, this Court has stated that "[i]n order to deny an alternative sentence based on the seriousness of the offense, 'the circumstances of the offense as committed must be especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree,' and the nature of the offense must outweigh all factors favoring a sentence other than confinement." State v. Bingham, 910 S.W.2d 448, 454 (Tenn. Crim. App. 1995) (citation omitted). Although importing twenty-one pounds of marijuana into the State of Tennessee is certainly a serious matter, we are unable to conclude that the circumstances of this offense meet this standard.

Regarding deterrence, the general rule is that "[b]efore a trial court can deny alternative sentencing on the ground of deterrence, there must be some evidence contained in the record that the sentence imposed will have a deterrent effect within the jurisdiction." Id. at 455. The State's evidence that Appellant's sentence would have a deterrent effect on the drug problem in McEwen and Humphreys County was minimal at best.[5] However, the State was not required to offer proof of deterrence in this case because this Court has held that the sale

_____

[5]The State's only evidence about the deterrent effect of Appellant's sentence was a conclusory statement by Chief Ethridge that McEwen had a serious drug problem and that more drug cases from McEwen were presented to a grand jury than from any other part of Humphreys County. Chief Ethridge admitted, however, that the drug problem in McEwen was no more serious than it was in many other parts of Tennessee and the Unites States as a whole. Chief Ethridge also admitted that he was not familiar with the extent of the drug problem in other parts of Humphreys County.

or use of narcotics is "deterrable per se," even in the absence of a record demonstrating a need for deterrence. State v. Dykes, 803 S.W.2d 250, 260 (Tenn. Crim. App. 1990). Thus, the trial court properly denied Appellant's request for alternative sentencing based on the need to deter drug related offenses. See id. See also State v. Keith A. Jackson, No. 02C01-9705-CR-00193, 1998 WL 148330, at *3 (Tenn. Crim. App., Jackson, April 1, 1998) (upholding denial of probation because sale of narcotics is deterrable per se); State v. Timothy S. Myrick, No. 02C01-9512-CC-00368, 1997 WL 11288, at *2–3 (Tenn. Crim. App., Jackson, Jan. 15, 1997) (upholding denial of alternative sentencing because sale of narcotics is deterrable per se). This issue has no merit.

Accordingly, the judgment of the trial court is AFFIRMED.


_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
GARY R. WADE, PRESIDING JUDGE


_____
JOHN H. PEAY, JUDGE

-14-