IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 28, 2010

## JAMES GREGORY WATSON v. HOWARD CARLTON, WARDEN AND THE STATE OF TENNESSEE

**Appeal from the Criminal Court for Johnson County**
**No. 5382     Robert E. Cupp, Judge**

-------------------

**No. E2009-02500-CCA-R3-HC - Filed March 14, 2011**

-------------------

The Petitioner, James G. Watson, entered guilty pleas to theft, felony reckless endangerment, and two counts of aggravated assault in the Knox County Criminal Court. He subsequently filed a pro se petition for writ of habeas corpus in the Johnson County Criminal Court, which was summarily dismissed. On appeal, the Petitioner argues that he is entitled to habeas corpus relief because the probationary sentence he received for his theft conviction expired before the trial court revoked his probation. Upon review, we affirm the judgment dismissing the petition for writ of habeas corpus.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ, joined.

James Gregory Watson, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Anthony Wade Clark, District Attorney General; and Randall E. Nichols, District Attorney General, for the Appellee, State of Tennessee.

### OPINION

**Background.** The Petitioner entered guilty pleas to the offenses of theft, felony reckless endangerment, and two counts of aggravated assault. On November 16, 2001, the trial court imposed consecutive sentences of two years for the theft conviction, two years for the felony reckless endangerment conviction, and three years for each of the aggravated assault convictions, for a total effective sentence of ten years. The trial court ordered that the Petitioner would serve these sentences on enhanced probation. The attached judgments

of conviction show that the theft sentence would expire on November 16, 2003, the felony reckless endangerment sentence would expire on November 16, 2005, one of the aggravated assault sentences would expire on November 16, 2008, and the second aggravated assault sentence would expire on November 16, 2011.

On January 15, 2003, a violation of probation warrant was issued, asserting that the Petitioner had violated the conditions of his probation by (1) being arrested for domestic assault and (2) admitting to the use of and testing positive for marijuana on January 7, 2003. In a March 14, 2003 minute entry, which listed the docket number from the Petitioner's theft case and listed the offenses of aggravated burglary and theft in the style, the trial court ordered the Petitioner to serve 90 days in the Knox County Jail beginning January 21, 2003, and gave him jail credit for 52 days of jail time served. Upon his release, the Petitioner was to report to the enhanced probation office. The trial court stated that the Petitioner's release was contingent on his completing a "mens group" and having no contact with the victim in this cause. Importantly, the court stated that the case was continued to September 12, 2003 for a hearing on the probation revocation warrant. Finally, the court indicated that the trial court clerk would furnish a copy of this order to the Petitioner and the enhanced probation office of the Tennessee Board of Probation and Parole.

On February 23, 2004, an order to amend the probation violation warrant was entered. Specifically, this order amended the January 15, 2003 probation violation warrant to add the following violations: (1) the Petitioner's arrest for aggravated assault, possession of prohibited weapons, and kidnapping; (2) the Petitioner's failure to provide employment verification; and (3) the Petitioner's field-testing positive for marijuana and cocaine on February 10, 2004.

Following a hearing, the trial court entered an order revoking the Petitioner's probation for the theft conviction on April 16, 2004. In the order, the court gave the Petitioner 300 days jail credit, noting that the Petitioner had been in custody from June 1, 2001 to September 18, 2001; from July 17, 2002 to September 4, 2002; from January 21, 2003 to April 21, 2003; and from February 23, 2004 to April 16, 2004. The court also stated that service of the Petitioner's sentence following the revocation would begin on June 21, 2003.

On June 3, 2008, the Petitioner filed his first petition for writ of habeas corpus in the Morgan County Criminal Court, which was summarily dismissed. The Petitioner filed a notice of appeal but later filed a motion to voluntarily dismiss the appeal. The Tennessee Court of Criminal Appeals held that the motion essentially complied with Tennessee Rule of Appellate Procedure 15 and Tennessee Court of Criminal Appeals Rule 11 and granted the motion for voluntary dismissal.

On March 4, 2009, the Petitioner filed the instant petition for writ of habeas corpus in the Johnson County Criminal Court. In this second petition, the Petitioner asserted the following: (1) that he was never served with the January 15, 2003 violation of probation warrant; (2) the trial court ruled on the January 15, 2003 warrant in its minute entry on March 14, 2003, thereby making the January 15, 2003 warrant "ineffective"; (3) that the court's March 14, 2003 order never extended the term of his probation on his theft conviction; (4) he was never served with the amended warrant referred to in the February 23, 2004 order to amend the probation violation warrant; (5) the trial court's ruling on the January 15, 2003 warrant precluded the entry of the order to amend the probation violation warrant; (6) the trial court did not have authority to revoke his two-year probationary sentence for the theft conviction at the April 16, 2004 hearing because his sentence had already expired on November 16, 2003 pursuant to his judgment of conviction for the theft offense; and (7) his right to a speedy trial was violated because he claimed that the trial court did not inquire into the probation violation allegations "at the earliest practicable time."

The State filed a motion to dismiss, arguing that the trial court's March 14, 2003 minute entry showed that the court never ruled on the original probation violation warrant. It further argued that the order to amend the probation violation warrant was timely filed, given that the original warrant tolled the expiration of the Petitioner's probationary period for the theft conviction. The State also contended that the Petitioner failed to state a cognizable claim in his petition, since the Petitioner failed to prove that his theft conviction or the probation revocation order was void on its face and failed to prove that his sentence for theft expired. The Petitioner filed a reply to the State's motion to dismiss. On November 9, 2009, the habeas corpus court summarily dismissed the Petitioner's writ for habeas corpus. In the order, the court held that the Petitioner failed to state a cognizable claim in his petition that would entitle him to habeas corpus relief. The Petitioner filed a timely notice of appeal.

**ANALYSIS**

On appeal, the Petitioner argues that because the trial court ruled on the January 15, 2003 warrant, the order amending the probation violation warrant "should have been prohibited and in fact [was] without question untimely." He further argues that the trial court "was unauthorized and/or lacked jurisdiction" to revoke his probationary sentence from his theft conviction after it expired on November 16, 2003. Finally, the Petitioner contends that his right to a speedy trial was violated, apparently because he claims that the trial court did not inquire into the probation violation allegations "at the earliest practicable time." T.C.A. § 40-35-311(b). He urges this court to allow him to serve only the sentences for his felony reckless endangerment and aggravated assault convictions.

-3-

In response, the State argues that the Petitioner has failed to prove that his theft sentence expired prior to entry of the April 16, 2004 order revoking his probation for the theft conviction and has failed to prove that his theft conviction or his probation revocation order was void. In addition, the State contends that the Petitioner has failed to establish that he is currently restrained of his liberty because of his two-year theft sentence. Finally, the State contends that the Petitioner's claim of a speedy trial violation, even if true, is not cognizable in habeas corpus. Regardless of whether the Petitioner is, in fact, restrained of his liberty for the purposes of challenging the theft conviction in a habeas corpus proceeding, we conclude that the Petitioner has failed to show that he is entitled to habeas corpus relief. We further conclude that the Petitioner's claim of a speedy trial violation is not cognizable in a habeas corpus proceeding.

A prisoner is guaranteed the right to habeas corpus relief under article I, section 15 of the Tennessee Constitution. See also T.C.A. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel. Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer v. State, 851 S.W.2d 157, 161-64 (Tenn. 1993). However, "a voidable judgment is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes, 978 S.W.2d at 529). Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). Additionally, "[i]f the court rendering a judgment has jurisdiction of the person, the subject-matter, and has the authority to make the challenged judgment, the judgment is voidable, not void; and the judgment may not be collaterally attacked in a suit for habeas corpus relief." Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superseded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). In determining whether to grant habeas corpus relief, our review is de novo without a presumption of correctness given to the lower court's findings and conclusions. Summers, 212 S.W.3d at 255 (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006).

It is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

However, if the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20; see also T.C.A. § 29-21-109 (2006). The habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella, 891 S.W.2d at 627. "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." Summers, 212 S.W.3d at 261.

A trial court's facially valid judgment cannot be collaterally attacked in a petition for habeas corpus relief. Archer, 851 S.W.2d at 162. Instead, a Petitioner must challenge a facially valid judgment on constitutional grounds in a petition for post-conviction relief. Lewis v. Metro. Gen. Sessions Court for Nashville, 949 S.W.2d 696, 699 (Tenn. Crim. App. 1996) (citing Luttrell v. State, 644 S.W.2d 408, 409 (Tenn. Crim. App. 1982)); see also Fredrick v. State, 906 S.W.2d 927, 929 (Tenn. Crim. App. 1993).

Initially, we must consider whether the Petitioner in this case is imprisoned or restrained of his liberty by the challenged conviction for theft. The requirement that a petitioner be "imprisoned or restrained of liberty" by the challenged conviction is basically a requirement that a petitioner have standing to bring a habeas corpus proceeding, and this standing requirement operates independently of a petitioner's substantive claim of voidness. See Benson v. State, 153 S.W.3d 27, 31 (Tenn. 2004) ("A statutory prerequisite for eligibility to seek habeas corpus relief is that the petitioner must be "imprisoned or restrained of liberty" by the challenged convictions."). A petitioner will not receive habeas corpus relief where the sentence for the challenged conviction has been served. See id.

In Garlotte v. Fordice, 515 U.S. 39 (1995), the United States Supreme Court held that a petitioner serving consecutive state sentences was "in custody" and could make a federal habeas corpus challenge to the sentence served first, even after that sentence had expired, if the remaining sentences had not yet been served. Id. at 41. In response to the State's argument that its holding would encourage delay in the filing of habeas corpus claims, the Court stated that nothing in the record suggested that Garlotte "ha[d] been dilatory in challenging his marijuana conviction." Id. at 46. Moreover, the Court noted the existence of Habeas Corpus Rule 9(a), which allowed a federal district court to dismiss a habeas corpus petition if the State "'ha[d] been prejudiced in its ability to respond to the petition by [inexcusable] delay in its filing.'" Id. at 46-47 (quoting former Rule 9(a) of the Rules Governing U.S.C.A. § 2254 Cases in the United States District Courts (superseded in 1996 by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1), which established a one-year statute of limitations for filing federal habeas corpus petitions)).

Subsequently, in May v. Carlton, 245 S.W.3d 340 (Tenn. 2008), the Tennessee Supreme Court reiterated the rule that the federal courts will not consider the merits of a habeas corpus claim unless the federal prisoner is "in custody." Id. at 343. It recognized that the federal courts also have jurisdiction to grant habeas corpus relief when a prisoner is in custody pursuant to a state court judgment. Id. The court stated that, in such cases, the "in custody" requirement had been extended "to include consecutive sentences 'in the aggregate, not as discrete segments.'" Id. (quoting Garlotte v. Fordice, 515 U.S. 39, 47 (1995)). While the May court noted the extension of the "in custody" requirement in federal cases pursuant to Garlotte, it did not formally adopt this rule in Tennessee. Id.

Here, if we apply the federal rule in Garlotte, the Petitioner would have standing to bring this habeas corpus action because we must consider the consecutive sentences in his plea agreement "in the aggregate" in determining whether his sentence expired. See id. However, if we do not apply this rule, which seems to be the current state of the law in Tennessee, it is clear that the Petitioner would not have standing to bring this action because the sentence for his theft conviction would have expired. Regardless of whether the Petitioner is, in fact, imprisoned or restrained of his liberty for the purposes of challenging the theft conviction, we conclude that the Petitioner has failed to show that he is entitled to habeas corpus relief.

The Petitioner argues that his two-year sentence for theft has expired, thereby entitling him to habeas corpus relief. He also argues that the trial court "was unauthorized and/or lacked jurisdiction" to revoke his probationary sentence for theft after it expired on November 16, 2003, based on the February 23, 2004 order to amend the probation violation warrant. He asserts that the trial court was "unauthorized" or "lacked jurisdiction" because

it ruled on the original probation violation warrant when it ordered that he serve 90 days in jail before returning to probation.

Initially, we note that the March 14, 2003 minute entry clearly indicates that the hearing on the probation revocation would be heard at a later date. Therefore, we do not agree with the Petitioner's assessment that this minute entry shows that the trial court ruled on the original probation violation warrant prior to entry of the order to amend the probation violation warrant. However, we acknowledge that the meaning of the March 14, 2003 order is unclear. Although the order imposes a punishment of incarceration, the Petitioner has failed to show that the order concluded the probation revocation proceeding. One interpretation of the order is that on March 14, 2003, the trial court, in determining that the Petitioner had violated his probation, ordered revocation by imposing a minimum punishment of 90 days of confinement before recessing the hearing until the later date mentioned in the order, at which time an additional penalty could be considered. The Petitioner has failed to show that the trial court entered an order ultimately adjudicating the revocation petition at a later time. Pursuant to the aforementioned interpretation of the March 14, 2003 order, the revocation proceeding remained open until the February 23, 2004 amendment and continued to remain open through the hearing and revocation order entered on April 16, 2004.

Upon review, we conclude that there is nothing in the record supporting the Petitioner's argument that the trial court ruled on the original warrant. Instead, the record shows that on April 16, 2004, the trial court entered an order revoking the Petitioner's probationary sentence on the theft conviction. Given the contents of the record, we agree with the State's argument that the original warrant tolled the expiration of the probationary period on the theft conviction, thereby making the order amending the probation violation warrant timely. See State v. Clark, 970 S.W.2d 516, 518 (Tenn. Crim. App. 1998) (concluding that because the original probation violation warrant was filed prior to the expiration of the probationary term, the trial court had the authority to order the revocation of probation after the probationary term had expired); see also State v. Lewis, 917 S.W.2d 251, 256 (Tenn. Crim. App. 1995) (holding that "[i]f a petition to revoke is initiated within the term of the sentence, any limitation of the time within which to act is tolled").

The Petitioner also attempts to argue that he suffered a speedy trial violation. This court has frequently noted that a speedy trial violation, even if true, is not cognizable in a habeas corpus proceeding. See Franklin v. State, 513 S.W.2d 146, 151 (Tenn. Crim. App. 1974) ("If the question of not being granted a speedy trial was to be raised it should have been raised at the time of the trial and cannot be raised at a subsequent time in a habeas corpus proceeding, or on appeal."); State ex rel. Lewis v. State, 447 S.W.2d 42, 45 (Tenn. Crim. App. 1969) (the failure to assert a speedy trial violation prior to pleading guilty resulted in a waiver of the issue in a habeas corpus proceeding).

Accordingly, the Petitioner has failed to state a cognizible claim in his petition. We have previously noted that a facially valid judgment cannot be attacked in a habeas corpus proceeding. See Archer, 851 S.W.2d at 162. Here, the theft conviction and the order revoking probation were facially valid, and the Petitioner failed to prove that his confinement was illegal. Accordingly, the Petitioner is not entitled to relief. See Young v. State, 101 S.W.3d 430, 433 (Tenn. Crim. App. 2002) (stating that where the judgments in issue are facially valid, the petitioner is not entitled to habeas corpus relief).

The Petitioner has not established that his judgments are void or that his sentence has expired. Accordingly, the court's dismissal of the petition for habeas corpus relief was proper.

## CONCLUSION

The habeas corpus court's summary dismissal of the petition for writ of habeas corpus is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE